Simoni v. Garland

BIA
A096 331 705

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

FREDERIK SIMONI,
> *Petitioner*,

v.                                                          22-6208
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:** Michael P. Diraimondo, Bohemia, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Frederik Simoni, a native and citizen of Albania, seeks review of a decision of the BIA denying his motion to reopen his removal proceedings. *In re Frederik Simoni,* No. A096 331 705 (B.I.A. Apr. 11, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and its determination of country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Simoni's 2020 motion to reopen was untimely because he filed it more than ten years after his removal order became final in 2010. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). However, the time

limitation for filing a motion to reopen does not apply if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In considering whether there has been such a change, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (internal quotation marks omitted). We find no abuse of discretion.

Simoni moved to reopen to re-apply for asylum, asserting that conditions in Albania had worsened for members of the Democratic Party, particularly since the Socialist Party had come to power in recent elections. He presented evidence of political upheaval and violence against Democratic Party activists following recent elections where the Socialist Party increased in power. However, there was evidence of electoral instability in Albania even at the time of his 2008 hearing before the immigration judge. Further, as the BIA noted, Simoni's only evidence—a declaration from Dr. Bernd Fischer—described long-standing

3

political divisions and violence that stemmed from Albania's "continuing" political instability. Given Simoni's "heavy burden" on reopening, this evidence does not compel a conclusion that conditions in Albania have changed materially, particularly where Simoni did not claim that similarly situated family members had suffered harm as a result of the increased power of the Socialist Party. *Jian Hui Shao*, 546 F.3d at 168 (internal quotation marks omitted); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that where "agency's conclusion finds support in record evidence, [a petitioner] cannot secure . . . relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"); *In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007) ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Simoni relies on a summary order, *Qosaj v. Barr*, 784 F. App'x 35 (2d Cir. 2019), to argue that the BIA placed undue weight on the fact that his father has remained unharmed in Albania despite being a vocal critic of the Socialist Party. But the facts here are easily distinguishable from those in *Qosaj*, in which the lack of violence against Qosaj's husband in Albania in the months immediately preceding her IJ hearing was fully consistent with her allegation that the Socialist

4

Party's violence against her family was cyclical, escalating with the biennial elections. *Qosaj*, 784 F. App'x at 38–39. Here, Simoni left Albania in 2003, and he has not identified any harm to his father since then, including since the Socialist Party regained power.

Finally, Simoni's argument that the BIA violated his due process rights by overlooking evidence fails because the BIA considered the evidence Simoni submitted in support of his motion and explained its decision. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that . . . [he was] otherwise deprived . . . of fundamental fairness." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court